## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY & SUZANNE CHUBB,** | : | |
| **Plaintiffs** | : | **Civil Action No. 1:06-CV-488** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ON-TIME WILDLIFE FEEDERS,** | : | |
| **Defendant/Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **YAMAHA MOTOR** | : | |
| **CORP., U.S.A, et al.,** | : | |
| **Third-Party Defendants** | : | |

### MEMORANDUM

Before the Court is a motion for summary judgment (Doc. No. 46) filed by Third-Party

Defendants Yamaha Motor Corp., U.S.A., and Yamaha of Camp Hill (collectively "Yamaha").

For the reasons that follow, the motion will be denied without prejudice to refile.

**I.     BACKGROUND**

Plaintiffs Jeffrey and Suzanne Chubb brought this products-liability action against

Defendant On-Time Wildlife Feeders ("On-Time"), alleging that a malfunction in On-Time's

product, a wildlife feeder known as the "Bumper Buddy," caused significant damage to

Plaintiffs' real and personal property.  (Doc. No. 1.)  On-Time, thereafter, filed a third-party

complaint against Yamaha, the manufacturer and seller of the all-terrain vehicle ("ATV") to

which the Bumper Buddy was attached, alleging that Yamaha caused Plaintiffs' losses.  (Doc.

No. 14.)  Yamaha then filed an answer to the third-party complaint.  (Doc. No. 35.)

On August 28, 2007, Yamaha filed the instant motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56.  (Doc. No. 46.)  In its brief in support, Yamaha argued that

summary judgment was appropriate because "there is no evidence of any defect in the [ATV]

distributed by [Yamaha]." (Doc. No. 48, at 1.) On September 11, 2007, On-Time filed a brief in opposition to the motion for summary judgment, in which it argued that summary judgment is premature because fact discovery had not concluded, and because it believed that expert discovery would provide evidence of a defect in the ATV. (Doc. No. 50.) Over a month later, Yamaha filed a reply brief (Doc. No. 53), in which Yamaha argued that On-Time failed to demonstrate that summary judgment is premature.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When deciding a motion for summary judgment, a court should "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Public Schs., 486 F.3d 791, 794 (3d Cir. 2007). The nonmoving party may not simply sit back and rest on the allegations in the complaint, but must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322.

Under the rules, however, a court must also "give a party opposing summary judgment an adequate opportunity to obtain discovery." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir.

1989).  Federal Rule of Civil Procedure 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).

Within this circuit, "a party moving for postponement under Rule 56(f) must inform the district court why delay is needed before the motion can be properly considered."  St. Surin v. Virgin Islands Daily News, 21 F.3d 1309, 1314 (3d Cir. 1994).  Additionally, in order to comply with this rule, the party seeking postponement must submit an affidavit setting forth, with specificity, the reasons for their inability to defend summary judgment.  Lunderstadt v. Colafella, 885 F.2d 66, 70-71 (3d Cir. 1989).  If the party complies with these technical requirements, then a court should consider the following nonexhaustive factors in deciding whether to grant relief under Rule 56(f): (1) the nature of the particular information sought; (2) the extent to which such information would affect summary judgment; and (3) the reasons for why such information has not been previously obtained.  Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 458 (3d Cir. 2003).

## III.    DISCUSSION

On-Time's third-party complaint alleges three separate theories of liability: (1) negligence; (2) strict products liability; and (3) breach of warranties.  Although such claims all possess separate elements under Pennsylvania law, a claimant must generally prove two essential elements: (1) the existence of a defect; and (2) that "the defect was the proximate cause of the . . . injuries."  Soufflas v. Zimmer, Inc., 474 F. Supp. 2d 737, 748 (E.D. Pa. 2007).

3

Yamaha asserts that summary judgment must be granted because On-Time cannot present any evidence that the ATV was defective.  In support of its argument, Yamaha refers to admissions by Plaintiffs Jeffrey and Suzanne Chubb, in which Plaintiffs "admit" that "[t]here was no defect with the [Yamaha] ATV itself that caused this fire," (Doc. No. 48, Ex. G), and to the conclusions of two experts, who concluded that any defects are traceable to On-Time's product, the Bumper Buddy, and not to Yamaha's ATV.[1]  Based upon this evidence, Yamaha argues that On-Time cannot proffer any evidence to support its claim that a defect in Yamaha's ATV existed, much less its claim that such a defect caused Plaintiffs' injuries.

In opposition, On-Time argues that summary judgment is premature.  It notes that fact discovery expired on November 30, 2007, and that the deadline for expert-report disclosure was December 14, 2007, months after the motion for summary judgment was filed.  In addition, On-Time submitted affidavits of Harold Shwartz, On-Time's retained expert, and Anthony Sherr, On-Time's counsel of record.  Both affiants indicate: that Mr. Shwartz has "performed a series of tests on [the Bumper Buddy and the ATV at issue in this case] and will continue to perform tests on these products"; that such "tests are necessary to establish exactly how the fire started"; and that "the results of these tests will refute the theory that the Bumper Buddy started the fire and instead show that the ATV caused the fire."  (Doc. No. 51, Exs. C & D, ¶¶ 3-5.)  Furthermore, Mr. Sherr attested that he "intend[ed] to gather more facts before the close of Discovery to support On-Time's position that the ATV at issue was defective, including deposing Yamaha

---

[1] In its reply brief, filed out of time, Yamaha cites attaches excerpted transcripts of three depositions, which took place after the instant motion for summary judgment was filed, and which support Yamaha's position that On-Time has not presented evidence of a defect with Yamaha's ATV.  The Court has reviewed these filings, and finds within them no basis upon which to alter its conclusion that Yamaha's motion for summary judgment is premature.

representatives . . . ."  (Doc. No. 51, Ex. D. ¶ 8.)

In its reply brief, Yamaha disputes whether On-Time has complied with the requirements of Rule 56(f).  In particular, Yamaha argues that "On-Time [has made] no effort to demonstrate why it has not been able to obtain an expert opinion in the year since it filed the Third Party Complaint" (Doc. No. 53, at 5), and that On-Time's submission is "entirely premised on On-Time's beliefs and hopes rather than on even a scintilla of evidence tending to implicate [Yamaha]," (id. at 7).

Despite Yamaha's assertion to the contrary, the Court finds that On-Time's affidavits satisfy the requirements of Rule 56(f).  Those affidavits adequately explain the nature of the information it sought to discover (Mr. Shwartz's expert report), the extent to which such information would affect summary judgment (providing evidence of a defect in the ATV), and the reasons for why such information has not been previously obtained (fact and expert discovery deadlines have not expired).  Accordingly, the Court finds that Yamaha's motion for summary judgment is premature, and will be denied without prejudice to refile now that discovery has concluded.

## IV.    CONCLUSION

For the foregoing reasons, Yamaha's motion for summary judgment will be denied without prejudice to refile.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY & SUZANNE CHUBB,** | **:** | |
| **Plaintiffs** | **:** | **Civil Action No. 1:06-CV-488** |
| | **:** | |
| **v.** | **:** | **(Chief Judge Kane)** |
| | **:** | |
| **ON-TIME WILDLIFE FEEDERS,** | **:** | |
| **Defendant/Third-Party Plaintiff** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **YAMAHA MOTOR** | **:** | |
| **CORP., U.S.A, et al.,** | **:** | |
| **Third-Party Defendants** | **:** | |

## ORDER

**AND NOW**, on this 10th day of January, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for summary judgment filed by third-party defendants Yamaha Motor Corp., U.S.A., and Yamaha of Camp Hill (Doc. No. 46) is **DENIED** without prejudice to refile.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania