IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY & SUZANNE CHUBB, | : | CIVIL ACTION NO. **1:CV-06-0488** |
| Plaintiffs | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| ON-TIME WILDFIRE FEEDERS, | : | |
| Defendant | : | |
| v. | : | |
| YAMAHA MOTOR CORPORATION, U.S.A., et al., | : | |
| Third-Party Defendants | : | |

## ORDER

**I. Background.**

The instant products liability action stems from a fire alleged by Plaintiffs to have been caused by the malfunction of Defendant On-Time's product, which was attached to an All-Terrain Vehicle ("ATV") owned by Plaintiffs and maintained in their garage. Based upon his review of an exemplar ATV (the original having been mostly destroyed in the fire), one of On-Time's experts, Harold Schwartz, opined that Plaintiff's malfunction claims are inaccurate.

Plaintiffs sought permission from On-Time's counsel to allow their expert access to On-Time's exemplar ATV. When their request was denied, Plaintiffs filed a Motion to Compel on March 14, 2008 (Doc. 74), wherein they sought an order directing On-Time to permit Plaintiffs to access the exemplar ATV in the possession of either On-Time or its expert. In their initial Motion, Plaintiffs alleged that, despite their various efforts, they were unable to obtain an exemplar of their

own. Specifically, Plaintiffs stated, "We do not believe we can obtain the necessary exemplar to properly prosecute the action and rebut the claims made by defendant's expert without access to defendant's expert's ATV." (Doc. 74, p. 3). Plaintiffs further asserted that, to the extent that Defendant's expert relied upon dimensions and physical characteristics of his exemplar, a review of the specific exemplar was relevant to their discovery. (Id.).

By Order of April 10, 2008, the District Court deemed Plaintiff's original Motion to Compel withdrawn for failure to timely file a supporting brief. The District Court then scheduled a telephonic conference to address this discovery issue. (Doc. 79). The conference was conducted on May 1, 2008.[1] By Order of May 5, 2008, the District Court directed Plaintiffs to submit a status report to the Court by May 9, 2008, to inform the Court of their ability to procure an exemplar ATV. (Doc. 81).

On July 29, 2008, Plaintiffs filed a Motion to Renew Motion to Compel. **(Doc. 93).** A support Brief was filed by Plaintiffs on August 11, 2008. (Doc. 94).

By Order of August 12, 2008, the District Court referred Plaintiff's Motion to the undersigned for disposition. (Doc. 95). On August 15, 2008, the undersigned conducted a telephonic

---

[1] Both parties state that the District Court conducted the telephonic discovery conference on May 1, 2008, denied Plaintiffs' request to access On-Time's ATV, and suggested that Plaintiffs procure their own exemplar ATV. (Docs. 94, pp. 1-2, and 107, p. 2). In their Reply Brief, Plaintiffs state that during the May 1, 2008 telephonic conference, the District Court denied Plaintiff's request to access On-Time's ATV without prejudice, suggested Plaintiffs procure an exemplar ATV, and noted that after further discussion between the parties and any additional efforts to obtain another exemplar, the Court would revisit the issue at Plaintiffs' request. (Doc. 108, p. 2).
We will rely on these assertions of counsel insofar as our review of the docket of this matter reveals no record of the May 1, 2008 proceeding.

conference and heard argument from the parties with respect to Plaintiff's Motion to Compel. By Order of August 15, 2008, the parties were directed to file all briefs with respect to the Motion to Compel no later than August 19, 2008. Defendant On-Time Wildlife Feeders ("On-Time") filed its Brief in opposition to Plaintiff's Motion on August 19, 2008. (Doc. 107). Plaintiffs filed a Reply Brief in support of their Motion on August 19, 2008. (Doc. 108). The Motion is ripe for disposition.

## II. Standard.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the action, including tangible things. The Rule further provides that "for good cause a Court may order discovery of any matter relevant to the subject matter involved in the action."

Federal Rule of Civil Procedure 34 permits a party to "inspect, copy, test or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession . . . of the party upon whom the request is served."

Issues pertaining to the scope of discovery are to be resolved, almost exclusively, at the discretion of the district court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manrizuez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983); *Montecatini Edison S.pA. v. E.I. duPont deNemours & Co.*, 434 F.2d 70, 72 (3d Cir. 1970).

## III. Discussion.

In their Motion to Renew their Motion to Compel, Plaintiffs reiterate their assertion that their efforts to obtain an exemplar of their own, by means of dealerships, the Internet, and Third Party Defendant Yamaha's counsel, have been unsuccessful. (Doc. 93). They argue that, to the extent On-Time's expert relied upon dimensions and physical characteristics of the exemplar, a review of such specific exemplar is relevant and discoverable. Plaintiffs rely upon Rules 26 and 34 of the Federal Rules of Civil Procedure to support their contention that Defendant should be compelled to make the exemplar ATV available to Plaintiffs.

Specifically, Plaintiffs first argue that, since the discovery in question is not privileged and is relevant to the subject matter herein, they are entitled to its production pursuant to Fed.R.Civ.P. 26(b)(1). They further argue that Fed.R.Civ.P. 26(a)(2) requires the production of information relied upon by a testifying expert, and that since On-Time's exemplar is a tangible item relied upon by Defendant's expert in reaching his opinion it is, therefore, discoverable. Finally, Plaintiffs assert that they are entitled to production of the exemplar ATV on the basis of Fed.R.Civ.P. 34, which they state permits review of tangible items in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object, or operation thereon, within the scope of Rule 26(b).

Plaintiffs argue that they will be prejudiced by the denial of their request to view the exemplar and that Defendant's unwillingness to provide the exemplar ATV because of the availability of a similar item or the cost of the exemplar to Defendants, despite Plaintiffs' willingness

4

to share in the cost of the exemplar, is contrary to prevailing case law. Plaintiffs rely upon *Vitalo v. Cabot Corp.*, 212 F.R.D. 478 (E.D. Pa. 2002) and state that a party cannot object to the production of otherwise discoverable information simply because it may be available elsewhere. Finally, Plaintiffs argue that production of the exemplar ATV would serve both cost effectiveness and judicial economy and efficiency.

Defendants raise two arguments in support of their contention that Plaintiffs' Motion should be denied.

First, they argue that the District Court has already properly denied Plaintiffs' request to access Defendant's tangible evidence during the May 1, 2008 conference call. Defendant argues that, in denying Plaintiffs' initial Motion to Compel the production of the exemplar, the Court exercised its discretion in applying Fed.R.Civ.P. 26(b)(1). Further, citing to *In re Fine Paper Antitrust Litigation*, 684 F.2d 810, 813 (3d Cir. 1982), Defendant states that, because Plaintiffs are capable of locating and obtaining their own 2004 model Yamaha ATV, this denial does not constitute an abuse of discretion because the Court has not "made it impossible for Plaintiff to obtain crucial evidence." Defendants also argue that Plaintiffs have not demonstrated good cause required by Rule 26(b)(1) for the Court to order discovery of Defendant's tangible evidence pursuant to Rule 34 because they have other means of determining the dimensions and physical characteristics of both Defendant's exemplar ATV and the one destroyed in the fire. In support of this assertion, On-Time points to the June 25, 2008 communication to Plaintiffs' counsel from Third Party Defendant Yamaha's counsel instructing Plaintiffs of various 2004 Yamaha model ATV's which have corresponding physical characteristics and dimensions to the ATV destroyed in the fire. (Doc. 107,

p. 4).

Second, Defendant argues that fairness requires that Plaintiffs acquire their own exemplar ATV and that On-Time should not be required to allow Plaintiffs access to its exemplar, obtained with its own resources, because of Plaintiffs' lack of due diligence in obtaining their own exemplar ATV. Defendant opines that permitting Plaintiffs access to its exemplar would afford them an advantage over Defendant and would be at the expense of Defendant's time, resources and effort already expended in preparation of its case.

We are guided by the District Court's initial denial of Plaintiffs' Motion to Compel the production of On-Time's exemplar and are further persuaded by Defendant's argument that Plaintiffs have not shown good cause, under Rule 26(b)(1), upon which the Court may order discovery of any matter relevant to the subject matter involved in the action. We agree with Defendant that Plaintiffs do indeed have other means of obtaining their own exemplar ATV. We note in particular the references by both parties to the June 25, 2008 communication from Third Party Defendant Yamaha's counsel, wherein Plaintiff was advised of various 2004 Yamaha model ATV's which have corresponding physical characteristics and dimensions to the one destroyed in the fire. Despite this information, which Plaintiffs have had now for more than two months, Plaintiffs provide no evidence that they have even attempted to procure the ATV model in question, much less that they have exhausted all avenues in their attempts to obtain same. Further, we disagree with Plaintiffs' assertion that they require the actual exemplar used by Defendant's expert in order to obtain the information they need.  Based upon the June 25, 2008 communication to Plaintiffs' counsel from Yamaha, the exemplar used by Defendant's expert was

not unique or one-of-a-kind, and Plaintiffs may obtain the information they seek from various 2004 Yamaha model ATV's which have corresponding physical characteristics and dimensions to the one destroyed in the fire.

While we are cognizant of Plaintiffs' offer to "split all costs" incurred by Defendant in obtaining its exemplar ATV, we note that in addition to a financial outlay, Defendant expended considerable time and effort in obtaining its exemplar, and we find that sharing in the financial expense of obtaining the exemplar does not fully account for these additional expenditures of Defendant. We agree with Defendant that permitting Plaintiffs access to On-Time's exemplar ATV would afford them a discovery advantage over Defendant, which has already expended time, resources and effort to obtain the exemplar in question.

For these reasons, we shall deny Plaintiffs' Motion to Compel and shall direct Plaintiffs to re-commence efforts to obtain an exemplar ATV forthwith.

## III. Conclusion.

Based on the foregoing, the Plaintiffs' Motion to Renew Motion to Compel **(Doc. 93)** is **DENIED.**

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: September 2, 2008