IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY & SUZANNE CHUBB, | : | |
|     Plaintiffs | : | Civil Action No. 1:06-CV-488 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ON-TIME WILDLIFE FEEDERS, | : | |
|     Defendant | : | |
| | : | |
| v. | : | |
| | : | |
| YAMAHA MOTOR CORP., U.S.A, et al., | : | |
|     Third-Party Defendants | : | |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Third-Party Defendants Yamaha Motor Corporation, U.S.A. and Yamaha of Camp Hill (collectively "Yamaha"). (Doc. No. 86.) For the reasons that follow, the motion will be granted.

**I.    BACKGROUND**

On September 19, 2004, a fire originating on or near the Plaintiffs' Yamaha Kodiak 450 ATV ("ATV"), caused damage to the residence of Plaintiffs Jeffrey and Suzanne Chubb. Plaintiffs brought this products liability action against Defendant On-Time Wildlife Feeders ("On-Time"), alleging that a malfunction in one of On-Time's products, specifically a product called a "Bumper Buddy," caused the fire. (Doc. No. 1.) On-Time filed a third-party complaint against Yamaha, the manufacturer and seller of Plaintiff's ATV, alleging that the fire was caused by a defect in the ATV, rather than by the attached Bumper Buddy. (Doc. No. 14.) On-Time asserts that Yamaha is liable for the damage because gasoline from an over-full fuel tank escaped through the vent tube of the ATV, later igniting. (Doc. No. 69.) On-Time originally supported this theory through the proposed expert testimony of Harold Schwartz.

Before discovery had closed, Yamaha moved for summary judgment to remove itself from the proceedings. This Court dismissed the motion without prejudice because it was premature. (Doc. No. 63.) Yamaha then filed a Daubert motion to prevent Schwartz' testimony, and a Daubert hearing was held. (Doc. No. 60.) This Court issued an order precluding Harold Schwartz from testifying because his opinion did not have sufficient "fit" or "reliability". (Doc. No. 84.)

Without Schwartz' report, On-Time has no expert testimony to present in favor of its fuel-leak theory. On-Time instead relies on Plaintiff Jeffrey Chubb's statement that the ATV was "full of gas" and Yamaha design expert Patrick Williams' testimony that, under "enough circumstances," it is "possible for liquid fuel to enter the frame [of the ATV] through the rubber hose attached to the fuel tank." (Doc. No. 48, Ex. I at 20; Doc. No. 90, Ex. A at 4).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the

light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. DISCUSSION

Under Pennsylvania law, a plaintiff in a products liability case must show "1) that the product was defective, 2) the defect existed while the product was in the control of the manufacturer, and 3) the defect was the proximate cause of injuries." Webb v. Zern, 220 A.2d

852 (Pa. 1966). "Although expert evidence is generally required in a products liability case where a defect is alleged, [the Third Circuit has] never foreclosed the possibility that a defective condition may be established through non-expert evidence." Oddi v. Ford Motor Co., 234 F. 3d 136, 159 (3d Cir. 2000); Padillas v. Stork-Gamco, Inc., 186 F.3d 412 (3d Cir. 1999) (denying summary judgment because non-expert testimony and picture evidence were enough for a reasonable jury to determine whether design of a cutting blade was negligent). However, to overcome the lack of expert testimony in a products liability case, the primary facts must be comprehensible to the average juror. Id.; accord. Cipriani v. Sun Pipe Line Co., 574 A.2d 706, 710 (Pa. Super. Ct. 1990) ("Expert testimony is not required when the matter under consideration is simple and . . . obvious and within the range of comprehension of the average juror.").

Thus, because an absence of expert testimony is not fatal to a products liability case, the proper analysis is whether the asserted defect is obvious enough to be ascertainable by the average juror without speculation. Two cases in particular from this Circuit guide our analysis: Padillas and Oddi. Padillas, 186 F.3d at 415-16; Oddi, 234 F.3d at 159. In Oddi, the Court granted summary judgment to the Defendant because it found that a juror could not look at a bread truck and reasonably conclude whether a bumper was defective without expert testimony. Oddi, 234 F.3d at 159-60. In Padillas, the Court found that a juror could look at a chicken cutter with exposed blades and determine whether it was defective for not having a guard to cover the blades. Padillas, 186 F.3d 415-16. A reasonable juror would have experience with knife blades and the importance of coverings to protect the user from injury, whereas an average juror likely would not be familiar with the necessary protective measures involved in creating car bumpers.

On-Time's theory of liability here is akin to the allegedly defective car design in Oddi because it takes a particular expertise to understand and reasonably assess. Without expert testimony or an independent knowledge of physics, a juror could, at most, speculate as to On-Time's theory of liability. Because a reasonable juror could not make a reasonable determination on On-Time's theory of liability without an expert witness, and On-Time's expert witness was precluded from testifying, there is no genuine issue of material fact to go to a jury. Summary judgment must be granted where a nonmovant's evidence is merely speculative. Anderson v. Liberty Lobby, 477 U.S. 242, 249-50.

Notwithstanding the absence of expert testimony, On-Time alleges that a question of material fact exists because a jury could conclude from Plaintiff's statement, "the tank was full," that "the ATV's fuel tank was full and liquid fuel entered the frame and caused the fire." (Doc. No. 91 at 5.) Even with a full or over-full fuel tank, On-Time has failed to provide evidence from which a jury could conclude that the other "circumstances" necessary to allow the possible flow of gas from the tank into another chamber were present. (Doc. No. 90, Ex. A at 4.) Yamaha designer Williams alluded to the possibility of such an event if "enough circumstances" were present, but On-Time has not supported the record with any evidence of what those circumstances are or whether they were present on September 19, 2004, the time of the fire.

In Booth v. Black & Decker, Inc., the court found that evidence a fire started near a toaster oven was insufficient for a reasonable jury to find that the toaster contained a manufacturing design defect that caused the fire. 166 F.Supp.2d 215, 222-23 (E.D. Pa. 2001). Booth is instructive because On-Time has only presented evidence that the fire began at or near the ATV. Without expert testimony, there is not more than "a metaphysical possibility" that a

design defect in the ATV caused the fire. In relying exclusively on the statements that "under enough circumstances" it is possible for liquid fuel enter the frame, and that the ATV was "full of gas." (Doc. No. 91.) On-Time does not present enough evidence to complete the causal chain - those two statements alone are not enough for a jury to determine that a design defect in the ATV caused the fire, and that such a defective condition existed when the ATV left the manufacturer, both of which are required to support a products liability claim.

   Accordingly, the Court grants this motion for summary judgment. An order consistent with the memorandum will issue.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY & SUZANNE CHUBB,** | : | |
| Plaintiffs | : | Civil Action No. 1:06-CV-488 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **ON-TIME WILDLIFE FEEDERS,** | : | |
| Defendant | : | |
| | : | |
| v. | : | |
| | : | |
| **YAMAHA MOTOR CORP., U.S.A, et al.,** | : | |
| Third-Party Defendants | : | |

## ORDER

**AND NOW**, on this 17th day of September, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for summary judgment filed by Yamaha Motor Corp., U.S.A. and Yamaha of Camp Hill (Doc. No. 86) is **GRANTED**. Judgment is hereby entered in favor of Third-Party Defendants Yamaha Motor Corp., U.S.A. and Yamaha of Camp Hill.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania