IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY CHUBB, SUZANNE CHUBB, and ERIE INSURANCE EXCHANGE, a/s/o Jeffrey and Suzanne Chubb, | : : : : | CIVIL ACTION NO. 1:CV-06-0488 |
| Plaintiffs | : : | |
| v. | : | Magistrate Judge Blewitt |
| ON-TIME WILDFIRE FEEDERS, | : : | |
| Defendant | : | |

## ORDER

Before the Court is the question regarding the proper measures of damages to Plaintiffs' house. This measure is dependent upon whether the fire damage to the Plaintiffs' house was permanent and irreparable, as Defendant argues, or if it was not a total loss, as Plaintiffs contend. The parties agree that if the damage to Plaintiffs' house was permanent and irreparable, then Plaintiffs can only recover the diminution in market value attributable to the fire, and that if the damage was remediable and not a total loss, then damages are the lesser of the reasonable cost of repairs or the market value of the house.

Plaintiffs argue that the damage to their house caused by the fire in question was not permanent and was repairable since their house was rebuilt on its original "footprint" and foundation, and that they are entitled to their repair costs. Defendant argues that the damage to Plaintiffs' house was permanent and irreparable. Defendant states that Plaintiffs claim their house was destroyed by the fire and that the house was completely rebuilt, including its foundation. Defendant states that the damages are thus the decrease in the fair market value of the house

caused by the fire.

The parties emphatically dispute as to whether the jury decides if the fire damage to the Plaintiffs' house was permanent and irreparable or if it was repairable. At oral argument held on the damages issue during trial recess on February 18, 2009, the position of the parties on this issue was diametrically opposed.

Defendant cites to the cases of *Duquesne Light Co. v. Woodland Hills Sch. Dist.*, 700 A. 2d 1038, 1053 (Pa. Cmwlth. 1997) and *Vassell v. Travis*, 2007 WL 2571634 (E.D. Pa). (Doc. 192). In *Vassell*, the Court stated:

> The classification of damage as "permanent" or "repairable" requires a fact-intensive inquiry. In *Duquesne Light Co. v. Woodland Hills Sch. Dist.*, 700 A.2d 1038 (Pa.Commw.Ct.1997), after an exhaustive review of Pennsylvania law, the Pennsylvania Commonwealth Court set forth the following factors for courts to consider in determining whether a harm is "permanent":
>
>> In keeping with the purpose of compensatory damages and in prevention of windfall awards, we find it necessary to interpret "permanency in terms of whether or not the cost of repair would be unfair or inappropriate under the circumstances. Where the cost of repair is shown to be reasonable, the injury to real property is not permanent and the cost of repair would be the appropriate measure of damages. However, where the cost of replacing the real property in its original condition disproportionately exceeds the diminution in the value of the property, the injury to real property is permanent and the cost of repair would not be fair or appropriate. Rather, the proper measure of damages for permanent injury would be the difference between the value of the property before and after the harm. *Whether or not an injury to real property is "permanent" is an issue for the trier of fact.*
>> *Id.* at 1053 (emphasis added).
>
> 2007 WL 2571634, * 4.

The *Vassell* Court also stated that "*Cassens* does not address the Pennsylvania Supreme Court's specific direction that permanency of harm should be determined by the trier of fact, and

has not provided the Court with any case law demonstrating circumstances where this issue may be decided as a matter of law." *Id.*

The *Vassell* Court concluded that "there is a genuine issue of material fact as to whether the damage to the farmhouse should be characterized as 'permanent' or 'repairable'". *Id.* The *Vassell* Court declined to find as a matter of law that the harm was "permanent." The *Vassell* Court noted that "even if a jury determines that the damage is 'repairable,' it must award the *lesser* of the market value and the cost of repair. By any estimate thus far presented, it appears that the market value of the property is less than the cost of repair. Therefore, in the event the damage is classified as "repairable," the Shaners would be awarded no more than the market value of the property." *Id.*, n. 10.

The *Vassell* Court concluded that "[u]nder the circumstances presented here, the determination of the proper measure of damages depends upon whether the damage to the farmhouse is classified as permanent" or "repairable," **a factual issue that must be left for the jury.**" 2007 WL 2571634 , *5(emphasis added).

In the case of *Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.*, 587 Pa. 236, 898 A.2d 590, 596 (Pa. 2006), the Court stated:

"In Pennsylvania, the general measure of damages for permanent harm to real property is the diminution in market value attributable to the conduct, product, or instrumentality giving rise to liability, and in situations in which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the market value of the affected property. *See Lobozzo v. Adam Eidemiller, Inc.*, 437 Pa. 360, 369 & n. 6, 263 A.2d 432, 437 & n. 6 (1970)."

As stated, the parties in the present case do not dispute the measures of damages that must be applied after it is determined if the Plaintiffs' house suffered permanent or repairable damages from the fire. They dispute whether this is a factual issue for the jury to make. Based on the *Vassell* case, as well as the *Duquesne Light Co.* case and the case of this Court in *Penn National Ins. v. HNI Corp.*, 2007 WL 2907542 (M.D. Pa.), we find that under the circumstances of our case, there is a factual dispute on the issue of whether Plaintiffs' house suffered permanent or repairable damages from the fire, and that this dispute should be decided by the jury *via* a jury interrogatory question during its deliberation. Depending on the jury's finding on this disputed factual issue, the jury will be asked to apply the undisputed measure of damages for either a real property that was permanently damaged or one that was repairable.

Since the determination of the proper measure of damages that applies in this case is contingent upon the resolution by the jury of the disputed factual issue as to whether Plaintiffs' house was permanently damaged by the fire or whether it was remediable, the Court will permit evidence by both parties regarding the stated factual issue and the amount of damages recoverable under both possible findings by the jury.

**SO ORDERED.**

_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: February , 2009